UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HENRY LANDSMAN, | Case No. 2:15-CV-1470 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| MEDICAL BOARD OF CALIFORNIA, | |
| Defendant(s). | |

Presently before the court is defendant Medical Board of California's motion to dismiss for lack of personal jurisdiction. (ECF No. 12). *Pro se* plaintiff Henry Landsman filed a response. (ECF No. 19). Defendant filed a reply. (ECF No. 20).

**I. Background**

Plaintiff is a doctor who received his physician's and surgeon's certificates by the medical board on or about April 13, 1981. On January 8, 2008, the United States Army restricted plaintiff's clinical privileges at Weed Army Community Hospital located in Fort Irwin, California, because he failed to call immediately an on-call specialist for a patient with a broken wrist. (ECF No. 1, 13 at 4-5). Plaintiff requested an appeal on or about March 6, 2008. A hearing was conducted in front of seven physicians, one nurse, and one psychologist. Plaintiff's appeal was denied after the hearing. (ECF No. 13).

On December 2, 2011, the medical board attempted to revoke plaintiff's California physician's and surgeon's certificates, pursuant to Business and Professions Code sections 141 and 2305, for the same incident. (ECF No. 13) (ECF No. 1 at 4-5). However, the revocation was stayed, and plaintiff was placed on five years probation. (ECF No. 13). On September 24, 2012, the medical board prohibited plaintiff from practicing medicine in the state of California due to a

**James C. Mahan**
**U.S. District Judge**

violation of the terms of his probation and formally revoked his physician's and surgeon's certificates on July 29, 2013. (ECF No. 13). As a result, plaintiff filed this petition for injunctive and declarative relief.

**II. Legal Standard**

To avoid dismissal for lack of personal jurisdiction, a plaintiff bears the burden of demonstrating that his or her allegations would establish a prima facie case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the plaintiff's complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props, Inc. V. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *See Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998). Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." N.R.S. § 14.065. An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). To satisfy due process, a court may exercise personal jurisdiction over a defendant only where the defendant has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). These minimum contacts may present in the form of either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises where the defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *Hubbell Lighting*, 232 F.3d at 1375 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to 'constitute the kind of continuous and systematic general business contacts that 'approximate physical presence." *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (citations omitted). In making this determination, courts consider "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds

James C. Mahan
U.S. District Judge

- 2 -

a license, or is incorporated there." *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d at 1131.

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citations omitted).

**III. Discussion**

Defendant argues that the court does not have personal jurisdiction because plaintiff provides no facts to support a claim that defendant had any contacts with the forum state. (ECF No. 12). Defendant states that there is no evidence the court has general jurisdiction because defendant does not have "substantial, continuous, and systematic" contacts with the state of Nevada. (ECF No. 12). Furthermore, plaintiff cannot demonstrate specific jurisdiction over defendant because none of plaintiff's allegations arise from actions committed in the forum state nor is there any evidence that it ever purposefully availed itself of the laws of Nevada. (ECF No. 12).

Defendant notes that there are numerous other reasons as to why plaintiff is not entitled to the relief sought, including (1) Nevada is an improper venue; (2) the defendant has sovereign immunity; and (3) the court may not grant the requested relief because under the *Burford* doctrine licensing of medical professionals falls within the police power of the state.

Plaintiff argues that jurisdiction in Nevada is appropriate because "[c]ountless individuals have gone to Federal Court to seek redress of grievances against improper loss of property by a state since 1868." (ECF No. 19). Plaintiff asserts that the "Supremacy Clause" is controlling on

James C. Mahan
U.S. District Judge

- 3 -

federal courts. Plaintiff also states the revocation of his certificates will make it very difficult for him to obtain a job in Nevada. Finally, plaintiff argues that jurisdiction is appropriate in this case because he resides in Nevada, and he has acquired a Nevada medical license.

"[P]ersonal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citations omitted). Thus, the court will first decide whether plaintiff satisfied his burden of proving that personal jurisdiction is warranted in this case.

  *a. General Jurisdiction*

Plaintiff has not alleged any facts that demonstrate minimum contacts between the defendant and the state of Nevada. In order for the court to assert general jurisdiction over a defendant, the defendant must engage in "continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenger,* 374 F.3d at 801. "This is an exacting standard . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id*.

In this case, defendant is a California agency that was authorized, by the California legislature, to exercise disciplinary authority against actions substantially related to the regulatory practice of California medical licenses. Plaintiff does not dispute the fact that defendant is an agency of the state of California, nor does he put forth any allegations that defendant exercised its authority outside the borders of the state of California. Therefore, the plaintiff failed to demonstrate that this court has general jurisdiction over the defendant.

  *b. Specific Jurisdiction*

If a court lacks general jurisdiction over a defendant, it can still hear the case if specific jurisdiction is applicable. In order for specific jurisdiction to exist, the defendant must (1) purposefully direct its activities at the forum state or resident thereof; (2) the claim must arise out the forum; and (3) the exercise of jurisdiction must not violate notions of fair play and substantial justice. *Schwarzenger,* 374 F.3d at 802. The burden is on the plaintiff to satisfy the first two prongs of the test. *Id*. Thereafter, the burden shifts to the defendant to prove that exercising jurisdiction would violate notions of fair play and substantial justice. *Id*.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1       To establish purposeful availment, plaintiff must allege that defendant purposefully conducted activities in the forum state or purposefully directed its activities at the forum state. Plaintiff's alleges that the California Superior Court and the California Appellate Court's decisions rejecting plaintiff's claims were wrongly decided. However, none of these allegations have any nexus with the forum state. Plaintiff does not allege that defendant performed any activity in Nevada or that defendant directed any activities at Nevada. Therefore, plaintiff has failed to present any evidence of purposeful availment.

      Furthermore, none of the actions in the complaint arise out of events that occurred in the state of Nevada. The fact that plaintiff currently resides in Nevada and acquired a second medical license in Nevada is insufficient; the underlying events of the complaint occurred completely outside the forum state. Therefore, plaintiff has failed to establish any connection between his allegations and the state of Nevada.

      Defendant is a California agency that exercises authority over entities and individuals wishing to be licensed to practice medicine in the state of California. Plaintiff's alleges that his California medical license was wrongfully suspended based on activities that occurred solely in California. Therefore, plaintiff has failed to provide any allegations that connect the defendant with the state of Nevada, and the case shall be dismissed for lack of personal jurisdiction.

**III. Conclusion**

      Accordingly,

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Medical Board of California's motion to dismiss for lack of personal jurisdiction (ECF No. 12) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  IT IS FURTHER ORDED that plaintiff Henry Landsman's motion for partial summary judgement (ECF No. 21) be, and the same hereby is DENIED as moot.

The clerk is instructed to enter judgment accordingly and close the case.

DATED July 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -